IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DEFENDING EDUCATION, *et al.*,

    *Plaintiffs*,

v.

AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*,

    *Defendants*.

Case No. 1:25-cv-01572-RMR-MDB

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT ACCESS**

Pursuant to Federal Rule of Civil Procedure 5.2(d), Local Civil Rule 7.2, and the parties' stipulated protective order, *see* Dkt. 49 ¶37, Plaintiffs request an order restricting access to Documents 65 and 67 as Level 1 Restricted Documents. (Both documents are the same excerpt from Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories.) The documents contain sensitive and potentially identifying information about Dr. Valeri Leswing's patients, their medical conditions, and their interactions with Dr. Leswing.

1.    On September 19, 2025, Defendants Aubrey Sullivan, Sergio Cordova, Geta Asfaw, Mayuko Fieweger, Daniel Ward, Jade Kelly, and Eric Artis ("Defendants") filed a Response to Plaintiffs' Amended Motion for Preliminary Injunction and a Motion to Dismiss Plaintiffs' Amended Complaint. *See* Dkts. 64, 66. Defendants also filed appendices to support their response and motion. Those appendices included Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories, with three pages redacted. *See* Dkt. 64-1 at 29-85 (redacted at 67-69); Dkt. 66-1 at 29-85

1

(redacted at 67-69). Defendants separately filed those three pages as Level 1 Restricted Documents. *See* Dkts. 65, 67.

2.  The excerpted pages contain Dr. Valeri Leswing's response to Interrogatory No. 2, which asked her to describe "instances in which any person has complained about [her] use of incorrect pronouns and deadnames of transgender individuals." *See* Dkt. 64-1 at 59. In responding to the interrogatory, Dr. Leswing provided detailed accounts of her interactions with patients and the families of patients who have identified as transgender, experienced gender dysphoria, used pronouns and/or names that do not correspond to their biological sex, or otherwise expressed confusion about their sex and gender. *See* Dkts. 65, 67. Because the interrogatory requested information about instances where patients have "complained" about Dr. Leswing's speech, the response describes negative and often emotionally charged encounters. The response also includes specific and potentially identifying information—both medical and non-medical—about individual patients and their families.

3.  The Court should restrict access to Dr. Leswing's interrogatory response as a Level 1 Restricted Document. Though courts favor public access to judicial records, that presumption is "'not absolute.'" *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). The court may restrict access to documents when "real and substantial interest[s]" justify maintaining a document's confidentiality. *Id.*

4.  Restriction is justified here because the interrogatory response includes sensitive and specific medical information about Dr. Leswing's patients. The response details the patients' ages, sexes, behaviors, and medical conditions and gives information about their family members. It notes the reason that each patient sought care from Dr. Leswing, as well as the treatments that Dr. Leswing recommended. *See Salcedo v. Milton S. Hershey Med. Ctr.*, 2024 WL 476888, at *9 (M.D. Pa. Feb. 7) ("Patient treatment and diagnoses information is the kind of information that courts will protect." (cleaned up)). And it recounts actual conversations between Dr. Leswing and her patients,

2

interactions that are confidential by their very nature. *See id.* (protecting "notes of conversations between physicians and patients"); *E.Y. v. United States*, 758 F.3d 861, 867 (7th Cir. 2014) ("The relationship between doctor and patient is built on trust.").

5.  The Tenth Circuit and judges in this district "have previously recognized that the privacy interest inherent in [such] personal medical information can overcome the presumption of public access." *United States v. Dillard*, 795 F.3d 1191, 1205-06 (10th Cir. 2015); *see, e.g. Russell v. Lanier*, 404 F. App'x 288, 289 n.2 (10th Cir. 2010) (allowing parties to file "medical" and "treatment records" under seal because of their "sensitive nature"); *Ctr. for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1264, 1273 (10th Cir. 2003) (allowing parties to transmit records of mental health patients' suicide attempts under seal); *Robinson v. Stumph*, 2021 WL 3675173, at *6 (D. Colo. Aug. 19) (granting motion for restriction because a party "has a considerable privacy interest in avoiding the undue public disclosure of his medical records, particularly those that do not relate directly to the events at issue here").

6.  In addition to the general privacy interest in medical information, other factors counsel in favor of restricting access here. First, Dr. Leswing's interrogatory response reveals medical information about individuals (Dr. Leswing's patients) who are not parties to this action. *See Brokop v. Farmland Partners, Inc.*, 2021 WL 4963272, at *3 (D. Colo. Aug. 25) ("The court recognizes that, generally, non-parties have an interest in protecting against disclosure of their confidential information."). Second, because Dr. Leswing is a pediatrician, the patients described in her response are mostly children, and courts are especially hesitant to reveal sensitive information about minors. *See J.L. v. NYC Dep't of Educ.*, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25) ("Courts … generally permit medical and other sensitive information of minors to remain under seal."). Third, an individual's "struggles with gender dysphoria" or "LGBTQ+ status," the common feature across all of the interactions described in Dr. Leswing's interrogatory response, is "information of the utmost intimacy." *Doe v. Ga. Dep't of*

3

*Corrections*, 2024 WL 5200055, at *2 (11th Cir. Dec. 23) (noting "a substantial privacy interest" in such information).

7. Finally, the parties here stipulated to a protective order recognizing that "medical" information and "other information implicating privacy interests" of a "nonparty" is confidential information. Dkt. 49 ¶3. Plaintiffs accordingly designated Dr. Leswing's interrogatory response discussing her patients as confidential, and Defendants have not challenged that designation. *See, e.g.*, *EEOC v. A&A Appliance, Inc.*, 2025 WL 744608, at *1 (D. Colo. Mar. 7) (granting motion to restrict medical records in part because the parties' protective order agreed that "'medical records or other health-related information' … should be designated as confidential" and the defendant did not challenge the plaintiff's confidentiality designation).

8. Both Dr. Leswing and her patients would be harmed if the interrogatory response is not restricted. "[N]o private individual would want documents that outline their medical conditions, diagnoses, and treatment plans to be placed in the public eye." *Salcedo*, 2024 WL 476888, at *9. Indeed, although the response does not specifically name Dr. Leswing's patients, it describes her patients in sufficient detail that a familiar reader might be able to identify them based on the information in the response. *Id.* at *8 (sealing documents that contain non-party medical information, even though "[p]atient names [we]re already redacted," because the documents contained detailed medical information). And for both doctors and patients, "[t]he knowledge that statements made during patient treatment could later be made visible to the public" may compromise their ability to speak candidly during such treatment or their willingness to seek or provide care in the first place. *Id.* at *9.

9. "[N]o alternative to restriction is practicable" because the entire document contains sensitive medical information about Dr. Leswing's patients and their interactions with her in the course of seeking treatment. D.C.Colo.LCivR. 7.2(c)(4). In this case, "the redaction of all of said

4

information [would be] tantamount to the wholesale" restriction of the document. *Salcedo*, 2024 WL 476888, at *9

10. Counsel for Plaintiffs has conferred with counsel for Defendants pursuant to D.C.Colo.LCivR 7.1(a), and Defendants do not oppose this motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court restrict access to Documents 65 and 67 as Level 1 Restricted Documents.

Dated: October 3, 2025

Respectfully submitted,

*/s/ J. Michael Connolly*
J. Michael Connolly
Cameron T. Norris
Paul R. Draper
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
cam@consovoymccarthy.com
paul@consovoymccarthy.com

*Counsel for Plaintiffs*

5

### CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing motion on Defendants' counsel via electronic mail on October 3, 2025.

*/s/ J. Michael Connolly*
Counsel for Plaintiffs